## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**STATE OF MISSISSIPPI** *ex rel.*
**JIM HOOD, ATTORNEY GENERAL OF**
**THE STATE OF MISSISSIPPI**

**PLAINTIFF**

**V.**                                                  **NO. 3:14-cv-52-HTW-LRA**

**JPMORGAN CHASE & COMPANY;**
**CHASE BANK USA, N.A. and**
**CHASE BANKCARD SERVICES, INC.**                 **DEFENDANTS**

---

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO
### PLAINTIFF'S MOTION TO REMAND AND FOR FEES AND COSTS

Defendants, JPMorgan Chase & Company, Chase Bank USA, N.A., and

Chase BankCard Services, Inc. (collectively, "Chase"), hereby respectfully submit

their Memorandum in Opposition to Plaintiff's Motion to Remand and for Fees

and Costs (the "Motion").[1]

### I.      INTRODUCTION

Plaintiff's attempt to characterize its Complaint as arising only under a state

law, the Mississippi Consumer Protection Act ("MCPA"), is misplaced.  Even a

cursory inspection of the Complaint reveals that Plaintiff explicitly invokes one

federal statute - the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *et seq.*

---

[1] Plaintiff's supporting Memorandum of Law (Dkt. No. 9), is referred to herein as "Pl.'s Br."

("SCRA") - and alleges a variety of other causes of action that implicate federal questions. Plaintiff's Motion should be denied for three reasons:

**First**, Plaintiff's attempt to deny the Complaint's explicit reliance on the SCRA fails. The Complaint expressly alleges that Defendants' conduct may have deprived consumers of "certain benefits" available under the SCRA. (Compl. ¶ 50.)[2] The benefits that Plaintiff says were improperly withheld from consumers included: "a court-appointed attorney to represent it in collections litigation and a stay of proceedings in some circumstances." (*Id.*) Plaintiff is the master of its Complaint, and the Complaint alleges violations of the SCRA as the basis for MCPA claims asserted against Chase. Indeed, the benefits Plaintiff claims were denied are purely a creation of the SCRA. Accordingly, there is no merit to Plaintiff's attempt (in its unverified Motion) to re-cast the Complaint's SCRA allegations as purportedly involving solely "the misrepresentation that the consumer was not in the military service without knowledge whether the consumer was a servicemember." (Pl.'s Br. at 5 n.1.) Further, there is a significant and disputed question as to whether Chase's alleged actions in Mississippi - as alleged in the Complaint - violated the SCRA. In sum, the Complaint's substantial and disputed federal question involving the SCRA alone mandates denial of Plaintiff's motion.

---

[2] Plaintiff's Complaint is attached to Defendants' Notice of Removal as Exhibit A. (Dkt. No. 1-1).

***Second***, Plaintiff's Motion also misrepresents the nature of the MCPA claims in the Complaint which parrot federal laws regulating debt collection (the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*) and credit reporting (the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*).  In fact, the Complaint's allegations are taken directly from federal law, including legal concepts created solely by those statutes.  The MCPA does not proscribe the debt collection and credit reporting practices Plaintiff complains of, nor does it contain a "borrowing" clause providing that violations of federal debt collection and credit reporting laws are also violations of the MCPA.  Plaintiffs' attempt to use the MCPA as an end-run around federal jurisdiction should not be allowed, particularly where, as here, there is a strong federal interest given the Complaint alleges many thousands of supposed transactions implicating these federal statutes.  Further, Plaintiff's argument raises a substantial and novel issue of how, if it all, Plaintiff may pursue MCPA claims against Chase based on purported violations of the FDCPA when Chase is not subject to the FDCPA. Plaintiff mischaracterizes this issue as an affirmative defense.  In reality, it is an important question of federal law and a necessary element of Plaintiff's claims.

***Third***, even if this Court were to determine that remand is proper (and Chase respectfully submits it is not), Plaintiff's request for fees and costs should be denied.  Plaintiff pleaded claims that are  predicated on the SCRA, and which

directly implicate the FDCPA and FCRA. Chase's removal was objectively reasonable under U.S. Supreme Court precedent. Finally, Plaintiff's accusations that Chase is "prolonging litigation" are baseless. Chase is merely seeking a federal forum to determine claims that implicate substantial and disputed federal questions.

Therefore, this Court should deny Plaintiff's Motion in its entirety.

## II.   FACTUAL BACKGROUND

On December 17, 2013, Plaintiff filed its Complaint seeking injunctive relief and civil penalties against Chase for alleged actions related to the collection of consumer credit card, auto loan, and student loan debt. (*See* Compl. ¶ 12). Because the Complaint implicates numerous and substantial issues under federal law, Chase timely removed the case to this Court on January 22, 2014. (*See* Notice of Removal, Dkt. No. 1).

Although the Complaint purports to bring claims only under the MCPA, in reality Plaintiff specifically alleges violations of a federal statute: the SCRA. In particular, the Complaint alleges that "[o]n information and belief, Chase and [Chase's outside law firm] Couch Conville made no inquiry and had no personal knowledge about whether the [defendant] was a servicemember and thus entitled to certain benefits under the Servicemembers Civil Relief Act . . . such as a court-appointed attorney to represent it in collections litigation and a stay of proceedings

4

in some circumstances." (Compl. ¶ 50.)  The Complaint also alleges violations of the affidavit provisions of the SCRA that require specific representations about the military status of the defendant in default judgment actions (i.e., if he or she is a servicemember).  (*See id.* ¶ 5) ("On information and belief, Chase and its law firm would falsely declare under penalty of perjury that the consumer was not in the military service.").

Additionally, the Complaint is largely predicated upon allegations that mimic provisions of two federal statutes, the FDCPA and the FCRA.  For example, Plaintiff alleges that Chase "may have pursued debt that had been extinguished under Mississippi law," that Chase "and its outside law firms engaged in significant additional misconduct in collections and collections litigation," that "Mississippi consumers have faced collection for alleged debt that they had paid or settled, that they did not owe, or that was discharged in bankruptcy," and that "[a]s a result of Chase's unfair and deceptive practices, consumers have paid debt they did not owe." (*Id.* ¶¶ 36, 53, 88, 90; *see also id.* ¶ 97(a) - (c).)  These allegations are derived from provisions of the FDCPA, which, *inter alia*, prohibit "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, "[t]he false representation of - the character, amount, or legal status of any debt," *id.* § 1692e(2), "[t]he threat to take any action that cannot legally be taken or that is not

intended to be taken," *id.* § 1692e(5), and using "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f.

Similarly, Plaintiff alleges various activities that implicate credit reporting, claiming that Chase "fail[ed] to accurately [redacted] report and/or update consumer information to credit bureaus," (Compl. ¶ 97(d)), and that Chase failed to handle consumer credit disputes properly, (*id.* ¶¶ 32, 40.) Like the FDCPA, these allegations mirror the FCRA, which imposes various requirements on furnishers of information to consumer credit reporting agencies. *See* 15 U.S.C. § 1681s-2.

Despite these federal issues, Plaintiff moved to remand this case on February 14, 2014. (Dkt. Nos. 8-11.)

### III.   ARGUMENT

This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims raise substantial and disputed questions of federal law. In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Supreme Court held that a case asserting only state law claims is removable if it raises "a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. The Fifth Circuit has interpreted *Grable* as providing a four-part test to find jurisdiction over a federal question embedded in a state law claim:

> In this Circuit, we have held that "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."

*Hughes v. Chevron Phillips Chem. Co. LP*, 478 Fed. App'x 167, 170 (5th Cir. 2012) (quoting *Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008)).

Here, contrary to Plaintiff's arguments, resolution of this case will require the Court to address the construction and application of a federal statute specifically alleged as a basis for the Plaintiff's claims, the SCRA. Furthermore, although Plaintiff casts certain other claims as violations of the MCPA, those claims are simply borrowed from and encompass disputed conduct regulated by the FDCPA and the FCRA. Because Plaintiff's allegations expressly depend on one federal statute, and implicate two other separate and significant federal statutory schemes, removal of these federal issues to a federal forum will not disturb the balance of federal and state judicial responsibilities. And, due to the unique circumstances of this case, removal will not open the floodgates to state court lawsuits in federal court. For these reasons, Plaintiff's Motion should be denied.

### A.   A Substantial Federal Question Is Raised by Plaintiff's Allegations Requiring the Interpretation and Application of the SCRA.

Removal was proper because Plaintiff explicitly alleged that, through violations of the SCRA, Chase denied consumers protections available under that

7

federal law.  The SCRA was enacted for two purposes:  (1) to provide protections and benefits to members of the United States military in order to "enable such persons to devote their entire energy to the defense needs of the Nation" and (2) "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service."  50 U.S.C. App. § 502.  Among other things, the SCRA protects eligible servicememembers from having default judgments entered against them while they are on active duty military service.  *See id.* § 521.

Regardless of Plaintiff's attempts to recast its SCRA allegations in its motion to remand (Pl.'s Br. at 5-6), the Complaint on its face raises the issue of whether defendants Chase sued were "entitled to certain benefits under" the SCRA, "such as a court-appointed attorney to represent [them] in collections litigation and a stay of proceedings in some circumstances."  (Compl. ¶ 50). Plaintiff alleges that Chase sued defendants without adequately checking whether they were protected by the SCRA, thereby potentially depriving defendants of protections under the SCRA.  (*See id.* ¶ 5) ("On information and belief, Chase and its law firm would falsely declare under penalty of perjury that the consumer was not in the military service").  In this way, the Complaint raises substantial federal

issues including, *inter alia*, whether Chase's alleged actions denied any Mississippi consumer the SCRA protections Plaintiff identifies in its Complaint. (*See id.* ¶ 50).

Tellingly, Plaintiff's brief practically ignores the Complaint's specific citation of the SCRA, and further ignores Plaintiff's allegation that Chase may have denied collections litigation defendants certain benefits created by the SCRA. (*Id.*). Plaintiff now asserts in a footnote that there is no dispute over the benefits a servicemember receives under the SCRA. (Pl.'s Br. at 5 n.1.) Further, Plaintiff asserts that it can prove a violation of the MCPA without proving a violation of the SCRA. Plaintiff's assertions are disingenuous given that the Complaint expressly alleges that Chase may have deprived servicemembers of the benefits of the SCRA as a result of improper affidavit procedures. (Compl. ¶ 5.) As Plaintiff acknowledges, any such benefits are conferred by federal, not state, law.

Plaintiff's claims regarding Chase's alleged misrepresentations also directly implicate the provision of the SCRA regarding default judgments. Specifically, 50 U.S.C. App. § 521(b)(1) provides that in any civil action or proceeding in which the defendant does not make an appearance, a court:

> shall require the plaintiff to file with the court an affidavit—
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

> (B) if the plaintiff is unable to determine whether or not
> the defendant is in military service, stating that the
> plaintiff is unable to determine whether or not the
> defendant is in military service.

The SCRA further provides that a person who "makes or uses" such an affidavit "knowing it to be false" is subject to penalties. *Id.* § 521(c). Furthermore, since 2010, the SCRA has explicitly provided a private right of action for any person aggrieved by violation of the statute. *See id.* § 597a.

The SCRA's affidavit requirements are reflected in the language of Affidavits for Default filed by Chase's outside counsel in Mississippi debt collection litigation. Those affidavits state that, "Defendant is not an infant, an incompetent person, or ***in the military service within the purview of the Soldier's and Sailor's Relief Act of 1940, as amended.***" *See, e.g.*, Affidavit, attached to Response to Plaintiff's Motion to Remand as Ex. A (emphasis added).[3] Representations regarding a defendant's servicemember status, which form the basis for Plaintiff's claims that Chase violated the MCPA by depriving servicemembers of their rights under the SCRA, are thus required by (and would not be required without) federal law.

Even though the benefits conferred by the SCRA are exclusively a creation of federal law, Plaintiff claims that its allegations regarding Chase's alleged debt

---

[3] The SCRA was formerly known as the Soldiers' and Sailors' Relief Act of 1940, prior to its amendment in 2003. *See* Pub. L. 108-189, 117 Stat. 2835 (Dec. 19, 2003).

collection practices for servicemembers have nothing to do with the SCRA, and even claims that these purported violations do not serve as the basis for any MCPA claims. (Pl.'s Br. at 5.)  Instead, Plaintiff argues in its Motion that Chase violated the MCPA because its counsel averred that defendants were not protected servicemembers without verifying whether this was true.  (*See id.*) ("Chase violated the MCPA by 'representing in lawsuits that the consumer was not in the military service without knowledge whether the consumer was a servicemember.'").  However, Plaintiff's attempt to avoid the jurisdiction of this Court is at odds with the claims in the Complaint.  The Complaint does not simply allege a misrepresentation in an affidavit (an affidavit only required because of federal law), but also alleges that Chase's practices may have denied servicemembers substantive rights created by a federal statute, and that such alleged denial would violate the MCPA. (*See* Compl. ¶ 50.)

As noted above, Plaintiff claims that because "the State can prove Chase's MCPA violation without proving a violation (or particular construction) of the SCRA, the SCRA is not 'necessarily raised' in this action." (Pl.'s Br. at 5.)  Not so.  This argument likewise ignores that there are no specific provisions under the MCPA that make signing an allegedly improper affidavit in a default judgment proceeding unlawful or otherwise actionable under the MCPA.  Thus, despite Plaintiff's argument in its Motion, a determination of the basis for a purported

MCPA violation based on conduct prescribed by federal law - and, of course, the construction and application of that federal law - is necessary in order resolve Plaintiff's MCPA claims related to this alleged conduct.[4]

Finally, Plaintiff's argument regarding *Clauer v. Heritage Lakes Homeowners Association, Inc.*, No. 4:09-cv-560, 2010 WL 446545 (E.D. Tex. Feb. 3, 2010), is misplaced.  (*See* Pl.'s Br. at 6 n.2.)  *Clauer* held that removal was appropriate under the SCRA because rights asserted under the SCRA "were created by federal law and require the Court to interpret a federal law."  2010 WL 446545, at *3.  Notably, the *Clauer* court found that it would be required "to determine whether Mrs. Clauer is entitled to the protection under the SCRA."  *Id.* Similarly, in this case, part of Plaintiff's case will turn on whether Chase's and its counsel's practices with respect to investigating affidavits in default judgment cases complied with the SCRA and/or denied consumers any rights created under the SCRA.  The *Clauer* case, therefore, supports removal based on the SCRA.

**B.    A Substantial Federal Question Exists Because the Complaint Presents FDCPA and FCRA Claims Masquerading as State Law Claims.**

In addition to its explicit invocation of the SCRA, the Complaint also raises substantial federal questions under the FDCPA and FCRA, resolution of which is necessary to deciding the state law claims.  Although Plaintiff says that "a court

---

[4] Moreover, if Plaintiff's argument were to be credited, the Complaint's explicit citation to the SCRA makes little sense.

can find that Chase violated the MCPA without determining whether Chase violated the FDCPA or the FCRA" (Pl.'s Br. at 6), the allegations of the Complaint are so transparently based on those federal laws that interpretation and application of the statutes will be required to resolve this matter.[5]

Plaintiff's allegations concerning verification of debt are a good example. *See, e.g.*, Compl. ¶¶ 8, 97(c). Debt verification is not a right created under the MCPA. Nor is it a right created under any other Mississippi state statute or common law. Rather, the "verification" requirement is found in the FDCPA, which requires notification to a consumer that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4); *see also id.* § 1692g(b) (discussing disputed debts and verification). As with the duties and benefits created by the SCRA, therefore, a substantial federal issue arises because these debt verification requirements would not exist but for federal law.

Similarly, Plaintiff's supposed state law claim borrows from the FCRA and Plaintiff leans heavily on alleged violations of FCRA requirements to plead its

---

[5] In fact, the MCPA does not have fair debt collection or credit reporting provisions, nor is there any direct analog to the FDCPA or FCRA issues raised here in Mississippi state law.

MCPA violation.    For example, Plaintiff alleges that Chase's "fail[ure] to accurately [redacted] report and/or update consumer information to credit bureaus" violated the MCPA.  (Compl. ¶ 97(d).)  But again, this reporting requirement is a creature of federal law.  The FCRA provides that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."  15 U.S.C.  §  1681s-2(a)(1)(A).    The Complaint also implicates various other provisions of the FCRA when it alleges that Chase failed to handle consumer disputes properly.  (*See, e.g.*, Compl. ¶ 32 ("For example, for a period of 18 months, beginning in 2008, Chase failed to properly handle customer correspondence . . . .   Chase did not enter . . . consumer disputes . . . into customer's [sic] account records . . . ."); *id.* ¶ 40 ("Chase went forward to collect on and sell accounts that had been paid or where consumers had raised questions regarding the accuracy of their data.").)  These allegations directly touch on FCRA requirements that, *inter alia*, impose a "duty to correct and update information" and a "duty to provide notice of dispute."  15 U.S.C. § 1681s-2a(2)–(3).  Other allegations further echo rights and requirements created by the FCRA.  (*See* Notice of Removal ¶ 28.)

Given these realities, Plaintiff wrongly asserts "[t]hat the MCPA and federal consumer protection laws may have similar prohibitions and protections."  (Pl.'s

Br. at 6.)  Neither the MCPA nor the Federal Trade Commission ("FTC") Act has provisions addressing debt collection or credit reporting.  In fact, Plaintiff fails to explain how any of Chase's alleged conduct violated any MCPA "prohibited acts or practices."  *See* Miss. Code. Ann. § 75-24-5(2)(a)–(m) (listing specific "unfair methods of competition and unfair or deceptive trade practices or acts").[6]

The *American Airlines, Inc. v. Sabre, Inc.*, No. 4:11-cv-488, 2011 WL 3468418 (N.D. Tex. Aug. 4, 2011), case, cited by Plaintiff, is distinguishable.  That case concerned a removal based on claims brought under the Texas Free Enterprise and Antitrust Act ("TFEAA").  *See Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542–44 (5th Cir. 2012).  The defendant argued that the TFEAA was to be construed in harmony with federal antitrust statutes and that the plaintiff had brought parallel federal antitrust claims against defendant in federal court.  *Id.* Here, Chase is not contending that removal was justified on the basis that the MCPA should be construed in harmony with federal laws—the MCPA does not have provisions in parallel with the FCRA or the FDCPA—nor are there parallel proceedings pending in federal court.  Rather, Plaintiff's MCPA claims are merely a pretext for claims that are, in reality, FDCPA and FCRA claims.

---

[6] Although the MCPA does indicate that the list in § 75-24-5(2) is not intended to limit the scope of § 75-24-5(1), that subsection prohibits "[u]nfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce."  "Trade" and "commerce" are specifically limited to three activities under the MCPA: advertising, offering for sale, or distributing a service or property.  Miss. Code. Ann. § 75-24-3(b).  Chase's alleged practices do not fall under the scope of any of these activities.

Further, Plaintiff's argument that every case under the MCPA would be removable because courts interpreting the statute are guided by the FTC and the federal courts' interpretation of the FTC Act (Pl.'s Br. at 7), is a red herring.  The statutory directive that courts should interpret the MCPA consistent with Section 5(a)(1) of the FTC Act is unsurprising because both the federal and state statute prohibit "unfair or deceptive" acts or practices.  *Compare* Miss. Code. Ann. § 75-24-5(2) *with* 15 U.S.C. § 45(a)(1).  That more limited nexus to federal law is a far cry from the situation here, where allegations of conduct that may violate federal law, but does not violate any independent provision of state law, are the predominant bases for the lawsuit.  Additionally, this is not a case where a federal law is only a small component of the action; rather, many of the claims are directly premised on violation of rights and obligations created by the FDCPA and FCRA.

Finally, and contrary to Plaintiff's arguments, Chase is not asserting that jurisdiction is proper based on a defense that Chase is an original creditor under the FDCPA.  (*See* Pl.'s Br. at 8.)  Rather, the FDCPA's definition of debt collector excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  15 U.S.C. § 1692a(6)(A).  Thus, in an FDCPA case (which this is at least in part, regardless of Plaintiff's characterization), Plaintiff must show that Chase is, in fact, not an original creditor and subject to the FDCPA.  *See, e.g.*, *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371 (S.D.

Fla. 2011) ("In order to prevail on an FDCPA claim, a plaintiff must prove that . . . the defendant is a debt collector as defined by the FDCPA . . . .") (internal quotations omitted). Chase's status as an original creditor is not an independent affirmative defense, such as preemption, which may not be a proper ground for removal. Instead, the Complaint raises a novel and substantial question suitable for a federal forum: whether the MCPA can be construed to allow for state law claims based on conduct allegedly violating the FDCPA when the defendant is not subject to that statute.[7] That is a substantial federal question regarding the interpretation of the provisions of the FDCPA in light of the MCPA (or any state consumer protection law without a borrowing provision) that will be necessary to resolve this litigation.

### C.   Removal of this Unique Case Does Not Disturb the Balance of Federal and State Judicial Responsibilities.

Plaintiff also fails to demonstrate that federal jurisdiction over this case will "dramatically" disrupt the federal-state balance. Although Plaintiff notes that consumer protection is a traditional area of state authority, Plaintiff's allegations have little to do with traditional consumer protection for unfair and deceptive trade practices under the MCPA. Instead, a majority of the allegations of the Complaint are based on rights and responsibilities created by federal statute, whether through

---

[7] Plaintiff's argument implicitly acknowledges that this is a federal issue that a court will need to address, even though Plaintiff wrongly characterizes it as an affirmative defense.

the SCRA, the FDCPA, or the FCRA. There is no need to defer to traditional state authority under these circumstances, because none exist.

Plaintiff also fails to point to a significant state interest implicated by the debt collection and credit reporting allegations of the Complaint. In fact, a significant *federal* interest lies in the regulation of debt collection and credit reporting, as evidenced by the FDCPA and FCRA's regulation of much of the alleged unlawful conduct, and the lack of directly analogous debt collection and credit reporting statutes in the state of Mississippi. Plaintiff does not—and cannot—point to any "special responsibility" for regulating debt collection or credit reporting that inures to the State of Mississippi.

Further, state adjudication of issues regarding compliance with the SCRA will have far-reaching effects and essentially allow the Mississippi state courts to create precedential authority regarding this important federal statute. There is a significant federal interest in having this Court, and not the state courts, decide those issues.

**D.     Plaintiff Is Not Entitled to Fees and Costs.**

Finally, and for purposes of completeness, Chase responds to Plaintiff's request for attorneys' fees and costs under 28 U.S.C. § 1447(c). Plaintiff's request should be denied regardless of the outcome of the remand issue. Chase's removal was objectively reasonable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132,

141 (2005) ("[W]hen an objectively reasonable basis [for seeking removal] exists, fees should be denied."). This Court has indicated that fees may be appropriate in the rare case where "defendants stubbornly read a federal claim into an otherwise unyielding complaint," or if defendants are "reckless in their attempt to remove." *Pendleton v. Hinds Cty. Miss.*, No. 3:08-cv-754, 2010 WL 1416499, at *4 (S.D. Miss. Apr. 5, 2010). Chase's removal does not come close to falling into such a category. The removal of this action, based upon explicit allegations under the SCRA and Plaintiff's attempt to re-cast FDCPA and FCRA violations under the guise of state law, was anything but "reckless."

Plaintiff cites no authority foreclosing Chase's ability to remove on the basis of the SCRA, nor does Plaintiff cite any authority where fees and costs were awarded in a removal based on the SCRA. In fact, there is only limited case law in the Fifth Circuit regarding whether removal under the SCRA is appropriate. The lack of settled law counsels against a finding that Chase's removal was unreasonable. *See Phillips v. First Tower Loan, Inc.*, No. 2:12cv123, 2012 WL 5873360, at *6–7 (S.D. Miss. Nov. 20, 2012) (denying request for relief under 28 U.S.C. § 1447(c) where there were no Fifth Circuit or United States Supreme Court opinions clearly rejecting the basis for removal); *see also Lott v. Pfizer, Inc.*, 492 F.3d 789, 794 (7th Cir. 2007) ("The test is whether the relevant case law clearly foreclosed the defendant's basis of removal . . . ."). Similarly, the Fifth

19

Circuit has not directly addressed whether cases can properly be removed on the theory that MCPA claims that parrot provisions of the FDCPA and/or FCRA invoked federal subject matter jurisdiction under *Grable*. *See Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 700 (E.D. Va. 2011) (denying fees and finding removal cannot be objectively unreasonable "in the absence of controlling precedent to the contrary").

Plaintiff's citation of *American Airlines, Inc. v. Sabre, Inc.*, (Pl.'s Br. at 12), is distinguishable because unlike that case, there is no parallel state and federal statute here; Plaintiff's claim here is not that the MCPA should be construed in accordance with federal decisions regarding the SCRA, but that Chase allegedly has violated requirements created by the SCRA. Thus, *American Airlines* is not directly contrary authority and should not serve as a basis for assessing costs and fees on Chase.

Lastly, Plaintiff accuses Chase of engaging in delay by seeking removal of this action. No such evidence exists. Chase timely removed this case within 30 days of original service, and now has promptly responded to the motion to remand.

## IV.    CONCLUSION

For the foregoing reasons, Chase respectfully requests that this Court deny Plaintiff's Motion and retain jurisdiction over this matter.

This the 13th day of March, 2014.

JPMORGAN CHASE & COMPANY,
CHASE BANK USA, N.A. and CHASE
BANKCARD SERVICES, INC.


By: s/ Mark H. Tyson
      Of Counsel

Mark H. Tyson (MSB #9893)
Stephen T. Masley (MSB #101870)
McGLINCHEY STAFFORD, PLLC
City Centre South, Suite 1100
200 South Lamar Street (Zip - 39201)
Post Office Drawer 22949
Jackson, Mississippi 39225-2949
Telephone: (769) 524-2300
Facsimile:   (769) 524-2333
mtyson@mcglinchey.com
smasley@mcglinchey.com

Brian W. Shaffer (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Telephone:  (215) 963-5103
Facsimile:  (215) 963-5001
bshaffer@morganlewis.com

Gregory T. Fouts (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr., Suite 500
Chicago, Illinois  60601-5094
Telephone:  (312) 324-1776
Facsimile:  (312) 324-1001
gfouts@morganlewis.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served via electronic filing and/or

U.S. Mail, postage prepaid, a true and correct copy of the foregoing to:

Linda Jill Singer
COHEN, MILSTEIN, SELLERS & TOLL, PLLC
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
lsinger@cohenmilstein.com

Mary Jo Woods
Mississippi Attorney General's Office
P. O. Box 220
Jackson, MS 39205
mwood@ago.state.ms.us

Mimi Liu
COHEN, MILSTEIN, SELLERS & TOLL, PLLC
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
mliu@cohenmilstein.com

Robert L. Gibbs
GIBBS WHITWELL PLLC
1400 Meadowbrook Road
Suite 100
Jackson, Mississippi 39205
rgibbs@gibbswhitwell.com

Brian W. Shaffer
MORGAN, LEWIS & BOCKIUS, LLP - Philadelphia
1701 Market Street
Philadelphia, PA 19103-2921
bshaffer@morganlewis.com

Gregory T. Fouts
MORGAN, LEWIS & BOCKIUS, LLP - Chicago
77 West Wacker Dr., Suite 500
Chicago, IL 60601-5094
gfouts@morganlewis.com

This the 13th day of March, 2014.


s/ Mark H. Tyson
Of Counsel

278529.1