UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI *ex rel.* JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & COMPANY, CHASE BANK USA, N.A., AND CHASE BANKCARD SERVICES, INC.,<br><br>Defendants. | Case No. 3:14-CV-52HTW-LRA |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF STATE OF MISSISSIPPI'S MOTION TO REMAND AND FOR FEES AND COSTS**

Chase removed this state law enforcement action to federal court, arguing that it falls within the exceptional category of cases where an exclusively state law cause of action can give rise to federal question jurisdiction under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).  But no resolution of any actually disputed and substantial federal issue is necessary to resolve Mississippi's state law claims against Chase for violating the Mississippi Consumer Protection Act ("MCPA").  Chase's attempt to fabricate a federal issue by mischaracterizing the complaint, relying on wholly unsupported arguments, and turning basic and well-established principles of federal jurisdiction on their head is objectively unreasonable.[1]

---

[1] Mississippi filed a redacted copy of the complaint in state court because it contains certain confidential information.  Mem. Supp. Miss. Mot. Remand ("Miss. Mem.") at 3, ECF No. 11.  Should the Court wish to review an unredacted version of the complaint, the State will provide a copy for *in camera* review by the Court.

1.   **Chase's removal is improper because resolution of an actually disputed and substantial federal issue is not necessary to resolve Mississippi's state law claims.**

Chase's SCRA argument wholly ignores one simple and critical point: The single claim for relief in the State's complaint that references servicemembers alleges that Chase violated the MCPA's prohibition on unfair or deceptive trade practices (including, but not limited to, certain enumerated misrepresentations) by "representing in lawsuits that the consumer was not in the military service without knowledge whether the consumer was a servicemember." Compl. ¶ 97(i); *see also* Miss. Code Ann. § 75-24-5(1) and § 75-24-5(2). No federal issue under the SCRA is "necessarily raised" by this claim. An issue under the SCRA is not an "essential element" of this claim. Miss. Mem. at 4, 5.

A court could determine, for example, that Chase knowingly and willfully used deceptive practices under state law by misrepresenting its knowledge of consumers' servicemember status in court to seek default judgments, *see* Miss. Code Ann. § 75-24-9 and § 75-24-19, without necessarily resolving any question under the SCRA. Chase acknowledges that it made representations about consumers' servicemember status in "Affidavits for Default" in Mississippi debt collection litigation because it had to in order to get default judgments against Mississippi consumers. Defs.' Mem. Opp'n ("Opp'n") at 9-10, ECF No. 18. The only issue that must be resolved is whether the representations falsely represented Chase's knowledge about consumers' servicemember status, and whether the use of such false representations to seek default judgments is a deceptive practice under Mississippi law.

Because it cannot demonstrate that the resolution of an SCRA issue is necessary to resolve the state law claim alleged in the complaint, Chase resorts to mischaracterizing the State's complaint. Relying on paragraphs 5 and 50 of the complaint, Chase argues that Mississippi alleges that Chase violated the SCRA and that those violations denied consumers

protections available under the SCRA.  Opp'n at 2, 7-8.  But, again, the relevant claim for relief does not allege any violation of the SCRA, and neither do paragraphs 5 and 50, which merely set forth the factual assertion underlying that claim, *i.e.*, that Chase made "false" declarations by "declar[ing] under penalty of perjury that the consumer was not in the military service" when it "made no inquiry and had no personal knowledge about whether the consumer was a servicemember and thus entitled to certain benefits under the [SCRA]."  Compl. ¶¶ 5, 50.

Moreover, the State does not seek a resolution of or a remedy for Chase's potential violations of the SCRA.  To be sure, a servicemember is entitled to benefits under the SCRA.  And Chase does not dispute this.  Notice of Removal ¶ 13, ECF No. 1 ("The SCRA provides numerous protections and benefits to servicemembers and their families . . . including a stay of proceedings . . . and the right to a court-appointed lawyer . . . .").[2]  But, contrary to Chase's assertion, "*whether*" Chase's alleged actions denied consumers protections under the SCRA is not an element of the State's claim.  Opp'n at 8-9 (emphasis added).  The State's claim is that Chase made false representations about its knowledge in legal documents used to seek default judgments against Mississippi consumers and that these misrepresentations violated the MCPA.

Chase also argues that the State must be alleging violations of the SCRA because the MCPA does not prohibit making misrepresentations in affidavits in default judgment proceedings, and therefore the claim can only be thought of as a creature of federal law.  Opp'n at 11.  This argument is specious.  The State obviously would disagree with any notion that it has failed to state claims under Mississippi law.  The MCPA broadly prohibits unfair and deceptive practices, including, but not limited to, certain enumerated misrepresentations.  *See* Miss. Code

---

[2] Thus, even if this statement necessarily gave rise to a federal issue under the SCRA (which it does not), it is not "actually disputed" and fails for that reason too under *Grable*.  Miss. Mem. at 4, 5 n.1.

Ann. § 75-24-5(1) and § 75-24-5(2). The State intends to prove that Chase's misconduct in the collection of consumer debt and representation of consumer information falls within that prohibition, including its repeated filing of affidavits misrepresenting its knowledge about consumers' servicemember status to seek default judgments against Mississippi consumers. There is no binding Mississippi state court interpretation—certainly Chase has cited none—holding that such conduct does *not* violate the MCPA.

In any event, whether the State has failed to assert state law claims is a determination for the state court in which this action was brought. A failure to state a claim under state law does not transform an asserted state law claim into a federal one for purposes of removal jurisdiction. *See In re Oxycontin Antitrust Litig.*, 821 F. Supp. 2d 591, 603 (S.D.N.Y. 2011) ("mere fact that the [plaintiff] might not prevail on its [state law] claims" does not mean that the case can be "transform[ed]" into one giving rise to federal jurisdiction).

A court can also find that Chase's misconduct and misrepresentations constituted unfair or deceptive practices under the MCPA without necessarily resolving any issue under the FDCPA or the FCRA. For example, Chase cites a single example of a claim—which is found at paragraph 97(c) of the complaint—that it says gives rise to a substantial federal issue under the FDCPA. Opp'n at 13. Paragraph 97(c) alleges that Chase "represent[ed] to consumers for the purpose of collection that the alleged debt is accurate, valid, and/or owing and that it would obtain verification of the debt where Chase did not have or would not obtain documentation to verify the debt." A court could determine, for example, that this conduct constitutes a deceptive practice or a specific enumerated misrepresentation under the MCPA without necessarily resolving any issue of federal law.

As with its baseless arguments about the SCRA, Chase argues that the State must be alleging violations of the FDCPA and the FCRA because the MCPA does not proscribe the misconduct and misrepresentations alleged in the complaint. Opp'n at 3, 14-15. Again, Chase's position is unsupported by any state case law and, in any event, does not transform Mississippi's state claims into federal ones for purposes of removal jurisdiction. *Supra* at 3-4.

The mere fact that the MCPA may be construed by reference to interpretations of federal law does not demonstrate that a federal issue is "necessarily raised." Miss. Mem. at 7. Chase does not disagree. Opp'n at 15 ("Chase is not contending that removal was justified on the basis that the MCPA should be construed in harmony with federal laws . . . ."). As Chase concedes, courts interpreting the MCPA are guided by the FTC's and the federal courts' interpretations of Section 5 of the FTC Act. Opp'n at 16. The FTC Act has long been applied to misrepresentations in debt collections, including by creditors. *See, e.g.*, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173 (11th Cir. 1985) ("Unfair and deceptive debt practices have been the frequent subject of FTC enforcement action."); *Trans World Accounts, Inc. v. FTC*, 594 F.2d 212, 214 (9th Cir. 1979) ("The deceptive acts or practices forbidden by the Act include those used in the collection of debts."); *Aldens, Inc.*, 98 F.T.C. 790 (1981) (action against creditor under Section 5 of the FTC Act); *J.C. Penney Co., Inc.*, 109 F.T.C. 54 (1987) (same). Further, the FTC has said that the FDCPA provides guidance on what types of debt collection practices are prohibited against creditors, like Chase, under the FTC Act. 60 Fed. Reg. 40263 (Aug. 8, 1995) (rescinding 16 C.F.R. pt. 237) (in "proceed[ing] against creditors for violations of Section 5 in their debt collection activities, [the FTC] has used the FDCPA as a model for appropriate standards of conduct"). Nevertheless, the relevant point for removal purposes is that regardless of what persuasive authority should be relied on to construe the MCPA, any construction of the

MCPA would be a construction of the MCPA and not any federal law; in other words, purely a question of state law.

Chase's argument that the State's claims are *in reality* federal claims is not only wrong but entirely unreasonable because the State is the master of the complaint and chose to file its complaint in state court alleging only state claims under the MCPA and not federal law claims.

Moreover, Chase would still have to show that the so-called federal law issues are "substantial," as defined by *Grable* and *Gunn*. Miss. Mem. at 8-9. Chase in its opposition neither disputes that this is a high bar reserved for a unique and narrow set of cases nor attempts to argue that it has been met here. Likewise, Chase has not demonstrated that "a clear rule demands . . . snatch[ing]" this state law enforcement action from the state court in which it was brought. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21 n.22 (1983).

**2.     Fees and costs should be awarded.**

Chase has failed to satisfy its heavy burden of demonstrating that this case falls within the "slim," "special[,] and small category" of cases where a state law cause of action can give rise to federal jurisdiction. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 701 (2006). Chase's attempt to transform Mississippi's MCPA claims into federal law issues by mischaracterizing the complaint, relying on wholly unsupported arguments, and turning basic and well-established principles of federal jurisdiction on their head is objectively unreasonable. While the Fifth Circuit is clear that "bad faith" is not a precondition to an award of fees and costs, *News-Texan, Inc. v. City of Garland, Tex.*, 814 F.2d 216, 220 (5th Cir. 1987), Chase's removal serves only Chase's interests of imposing costs on the State, avoiding a timely response to state court discovery, and delaying prosecution, and ultimately, resolution of this case.

6

April 1, 2014                                        Respectfully submitted,

**PLAINTIFF, STATE OF MISSISSIPPI** *ex rel.* **JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**

/s/ George W. Neville
Geoffrey Morgan, MSB No. 3474
George W. Neville, MSB No. 3822
Mary Jo Woods, MSB No. 10468
S. Martin Millette, MSB No. 102416
Special Assistant Attorneys General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205
Telephone: 601-359-3680
Facsimile: 601-359-2003
Email: gmorg@ago.state.ms.us,
gnevi@ago.state.ms.us,
mwood@ago.state.ms.us,
mamil@ago.state.ms.us

Robert L. Gibbs, MSB No. 4816
GibbsWhitwell PLLC
1400 Meadowbrook Road, Suite 100
Jackson, MS 39211
Telephone:  601-487-2640
Facsimile: 601-366-4295
Email: rgibbs@gibbswhitwell.com

Linda Singer
Mimi Liu
Eric Harrington
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 500, East Tower
Washington, DC 20005
Telephone: 202-408-4600
Facsimile:  202-408-4699
Email: lsinger@cohenmilstein.com,
mliu@cohenmilstein.com,
eharrington@cohenmilstein.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2014, I electronically filed the Reply Memorandum of Law in Support of the State of Mississippi's Motion to Remand and for Fees and Costs using the ECF.

Dated:   April 1, 2014                                         /s/ Robert L. Gibbs
                                                                              Robert L. Gibbs