UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI *ex rel.* JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE & COMPANY, CHASE BANK USA, N.A., AND CHASE BANKCARD SERVICES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. 3:14-CV-52HTW-LRA ) ) ) ) ) |

**STATE OF MISSISSIPPI'S EMERGENCY MOTION
TO LIFT TEMPORARILY DISCOVERY STAY**

The State of Mississippi respectfully moves the Court to lift temporarily the discovery stay[1] to take the deposition of a key witness, Julie Bosco, who is seriously ill, is undergoing intensive medical treatment in early July, and may not be available for a deposition later in the case. The witness worked as a manager in credit card Collections Litigation Services Operations ("CLS") at Chase during the relevant time period. CLS was a business unit within Defendant Chase Bankcard Services, Inc. that was responsible for operationalizing collection on accounts

---

[1] Discovery in this case is currently stayed because a motion to remand is pending. The State of Mississippi brought this state law enforcement action in state court to punish, stop, and deter violations of the Mississippi Consumer Protection Act, Miss. Code Ann. §§ 75-24-1 to 75-24-29, by Defendants JPMorgan Chase & Company, Chase Bank USA, N.A., and Chase Bankcard Services, Inc. (collectively, "Chase") in its consumer credit card services and collection practices. Chase removed this case to federal court, asserting a federal question where none exists. Chase's removal is objectively unreasonable and serves only the purpose of avoiding a timely response to pending state court discovery, and delaying prosecution, and ultimately resolution, of this case. The State thus filed a motion to remand the matter to Chancery Court of the First Judicial District of Hinds County, Mississippi without delay and award fees and costs to the State.

marked for litigation through (i) telephone calls and demand letters to consumers; (ii) litigation by outside vendor law firms (in Mississippi); and (iii) the selection of accounts for sale to third party debt buyers.  The witness, who is not an attorney, reported at different times to operations managers in CLS, including Jason Lazinbat and Edmond Helaire, who also were not attorneys.  The State believes that the witness has information relevant to the State's claims.  The State understands that the witness consents to have her deposition taken and has indicated that she is available this Saturday, June 28.  The State is prepared to proceed on this date.

      The State contacted Chase on June 11 to discuss the witness' health condition and to request its consent to this motion.  Despite the State's diligent efforts since that time and until the date of this filing, the parties have not been able to reach agreement on this motion.

      The State has agreed to measures to ensure that any Chase trade secret and/or other appropriately-designated confidential commercial information.  The State sought to negotiate in good faith a protective order to protect any Chase trade secret and/or certain other confidential commercial information that would apply to discovery in this case.  In the event a protective order cannot be finalized and entered prior to the witness' deposition date, the State has made clear that it would stipulate to maintain the entirety of the testimony at the deposition confidential until a protective order is entered.   The State has also agreed to work out a process that will allow Chase to assert privilege over information that the witness may have and, at the same time, preserve that testimony in the event the State seeks to challenge Chase's privilege claim and the deposition cannot be reopened due to the witness' illness.

      For these reasons, the State respectfully moves the Court on an emergency basis to lift the discovery stay for the purpose of allowing the State to proceed with the deposition of Ms. Bosco.

The parties have met and conferred, and the State has Chase's permission to state that Chase is amenable to having this motion heard on an expedited basis and in advance of June 28.[2]

June 24, 2014                                                                 Respectfully submitted,

**PLAINTIFF, STATE OF MISSISSIPPI *ex rel.* JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**

/s/ George W. Neville
Geoffrey Morgan, MSB No. 3474
George W. Neville, MSB No. 3822
Mary Jo Woods, MSB No. 10468
S. Martin Millette, MSB No. 102416
Special Assistant Attorneys General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205
Telephone: 601-359-3680
Facsimile: 601-359-2003
Email: gmorg@ago.state.ms.us,
gnevi@ago.state.ms.us,
mwood@ago.state.ms.us,
mamil@ago.state.ms.us

Robert L. Gibbs, MSB No. 4816
GibbsWhitwell PLLC
1400 Meadowbrook Road, Suite 100
Jackson, MS 39211
Telephone:  601-487-2640
Facsimile: 601-366-4295
Email: rgibbs@gibbswhitwell.com

Linda Singer
Mimi Liu
Eric Harrington
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 500, East Tower
Washington, DC 20005

---

[2] Because of the discovery stay and the State's efforts to negotiate a consent motion, the State has not yet filed a Notice of Deposition, but will do so immediately upon an order granting this motion.  The parties have discussed and understand that the deposition will take place in San Antonio, Texas, where the witness lives.

Telephone: 202-408-4600
Facsimile:  202-408-4699
Email: lsinger@cohenmilstein.com,
mliu@cohenmilstein.com,
eharrington@cohenmilstein.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 24, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF.

Dated:    June 24, 2014                             /s/ Robert L. Gibbs
                                                              Robert L. Gibbs