UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI *ex rel.* JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & COMPANY, CHASE BANK USA, N.A., AND CHASE BANKCARD SERVICES, INC.,<br><br>Defendants. | Case No.  3:14-CV-52HTW-LRA |

**STATE OF MISSISSIPPI'S REPLY IN SUPPORT OF**
**EMERGENCY MOTION TO LIFT TEMPORARILY DISCOVERY STAY**

Chase's claim that "they would not oppose the deposition going forward" is baseless. Chase's Opp'n at 1, ECF No. 25.  The limitations Chase asks this Court to impose are so broad and unduly restrictive that they would effectively defeat the State's ability to take the witness' deposition.  Chase's unprecedented restrictions seek not to protect any legitimate privilege or confidentiality concerns, but to obstruct discovery, gag the witness and the State, and harass and intimidate a former employee who Chase does not deny has refused to be represented by Chase counsel in this matter.  *Id.* at 2.  "A protective order issued from this Court is important to Chase," *id.*, because Chase fears this witness may give testimony that confirms Chase's unlawful conduct in the collection of consumer debt as alleged in the State's complaint.

**Chase's so-called "privilege" concerns:**  In efforts to have this Court impose an unduly restrictive protective order not only on the State but the witness herself, Chase mischaracterizes the witness' roles and responsibilities when she worked at Chase.  First, the witness' job as a legal assistant in the Florida PAN office in 1999—over which Chase spills much ink and to

which it devotes an entire declaration (Gotti)—has nothing to do with the allegations in the State's complaint. The State does not intend to ask about information related to this position.

Second, Chase does not deny that the witness worked in a business function in CLS and reported to business managers as the State explained in its Motion. But, Chase argues, relying on the declaration of Jacqueline Williams, the witness worked with PAN attorneys and, through those attorneys, had access to privileged information. What Chase selectively leaves out is critical:

(1) First, the PAN attorneys and outside vendor law firms that collected on and litigated consumer debt were helping to carry out Chase's *debt collection business*. Their job was to follow policies and procedures created by CLS employees, like the witness. The witness (and her counterparts and operations managers in CLS) were not seeking legal advice from the PAN attorneys and outside vendor law firms, nor were those debt collection lawyers and firms providing legal advice to Chase.

(2) Chase utterly fails to explain to the court that Mississippi was not even a state in which PAN operated or the PAN attorneys litigated. Thus, like the Gotti Declaration, the Williams Declaration deceptively characterizes the witness' roles and responsibilities as they relate to this matter. Instead, in Mississippi, Chase relied on outside vendor law firms, which, in turn relied on sub-vendors, to file arbitration and litigation. Oversight of these vendors fell to CLS (a business unit) and not the legal department.

Thus, properly described, there is nothing about the witness' business role and responsibilities that warrant the privilege concerns raised by Chase. Indeed, the State has already

deposed the witness' peer in CLS.[1]  In more than 350 pages of deposition testimony, there were only a couple of questions the State asked to which Chase made a privilege objection.  Their enormous efforts here to gag the State and the witness are not based in any legitimate belief that the State will seek, and the witness will provide, privileged information.

Accordingly, the State proposes that the State be allowed to proceed with the deposition; Chase can preserve any good faith privilege objections on the record; and the witness must be permitted to have her answer transcribed such that the testimony is preserved in the event it is deemed non-privileged.  In the event the testimony is deemed privileged, the State would agree that the testimony could be clawed back and cannot be used or relied on by the State, and Chase will not be deemed to have waived any privilege.

**Chase's confidentiality concerns:**   As explained in the State's Motion, the State is willing to maintain the entirety of the deposition transcript and any exhibits thereto entirely confidential, attorneys' eyes only (with the exception, of course, of the court reporter), until which time the parties finalize and the court enters a general protective order.  Chase's proposal that the deposition transcript be subject not only to terms of the general protective order, but additional layers of confidentiality which the State has made clear it will not agree to in the general protective order, *see* Chase's Proposed Protective Order, ECF No. 25-1, ¶3.ii. (requiring that in addition to the terms of the General Protective Order, this deposition and this deposition alone cannot be shared with anyone including federal or state law enforcement), is unacceptable to the State, and is entirely hypocritical given that Chase initially requested (and has not rescinded its request) that the State take this deposition *together with* another state law enforcement authority, the California Attorney General's Office.  Again, Chase's efforts to

---

[1] Pursuant to state law, the statements made at that deposition are confidential unless otherwise ordered by a court for good cause.  *See* Miss. Code Ann. § 75-24-19.

impose such highly restrictive conditions on this deposition makes clear what is really going on here: it does not fear the release of any actual Chase privileged information, or trade secret/commercial information for which a protective order may in some cases be warranted, *see* Fed. R. Civ. P. 26(c)(1)(G); it fears what the witness may say about Chase's unlawful conduct. That is not "good cause" warranting any protective order under the Federal Rules, much less one of the scope and breadth that Chase urges.[2]

June 25, 2014				Respectfully submitted,

**PLAINTIFF, STATE OF MISSISSIPPI *ex rel.* JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**

/s/ George W. Neville
Geoffrey Morgan, MSB No. 3474
George W. Neville, MSB No. 3822
Mary Jo Woods, MSB No. 10468
S. Martin Millette, MSB No. 102416
Special Assistant Attorneys General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205
Telephone: 601-359-3680
Facsimile: 601-359-2003
Email: gmorg@ago.state.ms.us,
gnevi@ago.state.ms.us,
mwood@ago.state.ms.us,
mamil@ago.state.ms.us

Robert L. Gibbs, MSB No. 4816
GibbsWhitwell PLLC
1400 Meadowbrook Road, Suite 100
Jackson, MS 39211
Telephone: 601-487-2640
Facsimile: 601-366-4295
Email: rgibbs@gibbswhitwell.com

---

[2] Chase asks that it receive 1/3 of the deposition time. The State proposes that Chase be given 1/5 of the time. Also, to the extent the witness' health does not permit her to be deposed for more than a few hours on June 28, the State will seek leave to continue her deposition to the extent the witness is able.

4

Linda Singer
Mimi Liu
Eric Harrington
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 500, East Tower
Washington, DC 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699
Email: lsinger@cohenmilstein.com,
mliu@cohenmilstein.com,
eharrington@cohenmilstein.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF.


Dated:   June 25, 2014                                /s/ Robert L. Gibbs  
                                                                  Robert L. Gibbs