IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| STATE OF MISSISSIPPI *ex rel.* <br> JIM HOOD, ATTORNEY GENERAL OF <br> THE STATE OF MISSISSIPPI <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE & COMPANY, <br> CHASE BANK USA, N.A., and <br> CHASE BANKCARD SERVICES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:14-CV-52-HTW-LRA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PROTECTIVE ORDER REGARDING
## DEPOSITION OF NON-PARTY JULIE BOSCO

**IT IS HEREBY ORDERED BY THE COURT AS FOLLOWS:**

1. The State of Mississippi (the "State") has requested, and JPMorgan Chase & Company, Chase Bank USA, N.A., and Chase BankCard Services, Inc. (the "Chase Defendants") have agreed, subject to the protections outlined in this Protective Order, that the Discovery Stay be temporarily lifted for the sole and the limited purpose of taking the deposition of a former Chase employee, Julie Bosco.

2. The protections outlined in this Protective Order will apply to the deposition of Ms. Bosco, including all information obtained therefrom, the transcript thereof and any exhibits thereto (collectively, the "Deposition").

3. The Deposition will be treated as "Highly Confidential and Attorneys' Eyes Only," meaning (i) the Deposition will not be disclosed, communicated, shared or transmitted in any way to any other person (including any vendor, consultant or third party) other than in-house and

outside counsel representing the State and the Chase Defendants in this specific lawsuit and the assigned court reporter (each of whom shall be advised of this Protective Order and who, along with Judge Marcus, the witness and her counsel, shall be the only people permitted to be present for questioning) until the entry of a General Protective Order in this case and a reasonable opportunity (of at least 30 days) for the parties to designate the Deposition under that General Protective Order; (ii) the Deposition will be sealed in its entirety from all other persons until further order of the Court; and (iii) further, any portions of the Deposition during which the State leaves the room pursuant to provisions of Paragraph 5 shall, in addition to the protections provided under 3(i) and 3(ii), also be sealed from the State, until further order of the Court. The assigned court reporter is prohibited from disclosing the Deposition to any person absent further order of the Court.

4. The protections provided in Paragraph 3 will remain in full force and effect notwithstanding (a) any remand of this case to state court, and/or (b) any differences in any General Protective Order entered in this Court and any General Protective Order subsequently entered in any other court.

5. The Hon. Michael Marcus (Ret.) of JAMS will oversee the Deposition of Ms. Bosco. Judge Marcus will preside over the Deposition and issue recommendations, as necessary, during the Deposition whether or not a question or response impermissibly invades any privilege of the Chase Defendants under the federal common law of privilege. Fifth Circuit law shall be controlling; the parties may rely on other authorities as persuasive to the extent permitted under controlling law. Judge Marcus will issue recommendations only as to the scope and applicability of privilege and will not issue any legal rulings that an applicable privilege be disregarded (including on the basis of the crime-fraud exception), and will not issue any recommendations as

to the waiver of any privilege. Judge Marcus's recommendations will be subject to appeal to, and determination by, this Court *de novo*. If a good faith dispute arises and Judge Marcus issues a recommendation that a question or response impermissibly invades any privilege of the Chase Defendants, the State will leave the room and Ms. Bosco will answer the question. The Chase Defendants will be deemed to have objected to, and not waived any privilege claim, with respect to such answer. After Judge Marcus' recommendation is made, but before the State leaves the room, the State may ask questions solely as to the privilege log items listed in L.U. Civ. R. 26(a)(1)(C). When the State is out of the room, the Chase defendants are not permitted to engage in further discussions with Judge Marcus, and Judge Marcus will be in charge of the process. Further, the State and the Chase Defendants will each submit a one-page summary of attorney client and work product privileges under federal common law to Judge Marcus by Friday, June 27, 2014, at 5 p.m. Pacific Time (PST).

6. With respect to questioning during the Deposition, the State shall not knowingly or intentionally ask questions of Ms. Bosco designed to have the effect of disclosing the Chase Defendants' attorney-client privilege or work product protected information under federal common law.

7. In answering any questions at her Deposition, Ms. Bosco shall not knowingly or intentionally reveal the information she knows to be privileged under federal common law.

8. The State shall provide Ms. Bosco's attorney with a copy of this Protective Order prior to the start of her Deposition. Ms. Bosco shall be required to review paragraph 7 of this Protective Order and may review the remainder of the Protective Order. Ms Bosco shall confirm on the record that she had an opportunity to review paragraph 7 and will comply with it. In the event that Ms. Bosco, nevertheless, discloses any information protected by Chase Defendants'

attorney-client privilege and/or the work product protection, the State agrees that (1) such disclosure shall not be deemed a waiver of the Chase Defendants' attorney-client privilege or attorney work product protection, (2) the State will not use or otherwise rely in any way on the information, and (3) the disclosed information will be stricken from the record, including the final transcript of Ms. Bosco's Deposition.

9. The allocation of time for questioning at Ms. Bosco's Deposition shall be as follows: two-thirds for the State and one-third for the Chase Defendants.

**IT IS SO ORDERED.**

Dated: *June 27, 2014*

*Linda R. Anderson*
THE HONORABLE LINDA ANDERSON
UNITED STATES MAGISTRATE JUDGE